IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD WAYNE ZEICH,

       Plaintiff,

  v.

SELECT PORTFOLIO SERVICING,
INC.,

       Defendant.

Case No.: 6:15-CV-01005-AA
OPINION AND ORDER

---

Anthony V. Albertazzi
Albertazzi Law Firm
300 S.W. Columbia Avenue, Ste. 203
Bend, Oregon 97702
    Attorney for plaintiff

Amy Edwards
Crystal S. Chase
Stoel Rives LLP
900 S.W. Fifth Avenue, Ste. 2600
Portland, Oregon 97204
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Select Portfolio Servicing, Inc., moves to dismiss plaintiff Richard Wayne Zeich's complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, defendant's motion is granted.

## BACKGROUND

This matter centers on plaintiff's residential loan, evidenced by a promissory note and secured by a Trust Deed. Chase Decl. Ex. 1.[1] Defendant became the servicer for plaintiff's loan in September 2014. Compl. ¶ 10 & Ex. A, at 2. Pursuant to the terms of the Trust Deed, plaintiff was required to send periodic payments to defendant for the loan's principal and interest. Id. at ¶ 10.

Defendant informed plaintiff he was at least one payment behind on the monthly mortgage payments. Id. at Ex. A. On December 19, 2014, plaintiff, though his attorney, sent defendant a letter disputing he had missed any payments and requesting corrective action ("December 19 Letter"). Id. at ¶ 10 & Ex. A. Defendant acknowledged receipt of the December 19 Letter on December 25, 2014, January 16, 2015, and February 13, 2015. Id. at ¶ 13.

On February 26, 2015, defendant provided a detailed response

---

[1] The Court takes judicial notice of the Trust Deed, as it is part of the public record and incorporated by reference into plaintiff's complaint. Fed. R. Evid. 201(b); Santa Monica Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

Page 2 - OPINION AND ORDER

to the December 19 Letter. Id. at ¶ 15 & Ex. B. Defendant explained it had reviewed plaintiff's account and concluded plaintiff had missed two mortgage payments before defendant's acquisition of the account, and defendant's notification letters regarding those late payments were not in error. Id. at Ex. B.

On March 30, 2015, plaintiff, through his attorney, sent defendant another letter disputing the missed payments and requesting corrective action ("March 30 Letter"). Id. at ¶ 18 & Ex. C. On April 30, 2015, defendant replied to the March 30 Letter. Id. at ¶ 20 & Ex. D. Defendant explained it had reconsidered its position after further investigation. Id. at Ex. D. Specifically, defendant agreed plaintiff had not missed any payments and notifications in that regard were erroneous. Id. Accordingly, defendant corrected plaintiff's account. Id.

On June 8, 2015, plaintiff filed a complaint in this Court, alleging: (1) defendant failed to timely and adequately respond to the December 19 Letter, and failed to adequately respond to the March 30 Letter, in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; and (2) breach of contract. Id. at ¶¶ 22-32.

## STANDARD

A complaint must be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough

Page 3 - OPINION AND ORDER

facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Bacca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

RESPA requires loan servicers to acknowledge receipt of a borrower's qualified written request within 5 days, excluding weekends and holidays. 12 U.S.C. § 2605(e)(1)(A). Within 30 days of receipt, loan servicers must provide borrowers with a detailed written communication regarding the loan account. Id. at § 2605(e)(2). Under RESPA, loan servicers are liable to borrowers for "any actual damages" resulting from their failure to comply with the response requirements. Id. at § 2605(f)(1)(A). "Actual damages" mean pecuniary damages proximately caused by "the RESPA violation itself." Subramaniam v. Beal, 2013 WL 5462339, *7 (D. Or. Sept. 27, 2013).

I.  First RESPA Claim: Untimely Response to the December 19 Letter

It is undisputed defendant failed to provide plaintiff with a detailed response within 30 days of the December 19 Letter. Compl. ¶ 15; Def.'s Mot. Dismiss 3. Rather, defendant's detailed response was dated February 26, 2014, 15 days beyond the statutory maximum. Compl. ¶ 15. Defendant nonetheless asserts plaintiff fails to state a claim for relief because he has not alleged he suffered pecuniary damage as a result of the 15 day delay.

Plaintiff alleges he suffered the following damages resulting from defendant's failure to provide a timely response to the December 19 Letter: (1) attorney's fees; (2) lost time from work; (3) worry and concern regarding possible foreclosure or other legal consequence; (4) time and expense incurred determining the amounts paid for the account's principal and interest; (5) time and expense incurred preparing, photocopying, and mailing correspondence to defendant; (6) harm or future harm to his credit; and (7) frustration of use and enjoyment of his property. Compl. ¶¶ 22-24, 33-37.

Many of plaintiff's asserted damages are not recoverable as a matter of law. RESPA's "actual damages" are limited to pecuniary damages. Subramaniam, 2013 WL 5462339 at *7; see also Steele v. Quantum Servicing Corp., 2013 WL 3196544, *8 (N.D. Tex. June 25, 2013) ("mental anguish" is not "actual damages" recoverable under

Page 5 - OPINION AND ORDER

RESPA). Thus, plaintiff cannot recover for worry, concern, or frustration of use and enjoyment. In addition, to the extent plaintiff incurred fees for postage, he cannot recover for mailing the qualified written request itself. Skaggs v. HSBC Bank USA, N.A., 2011 WL 3861373, *15 (D. Haw. Aug. 31, 2011) (mailing cost of a qualified written request prior to any violation by the servicer is not actual damages). Finally, plaintiff cannot recover for future harm to his credit because speculative future damages are not actual damages. Subramaniam, 2013 WL 5462339 at *7.

To the extent plaintiff pleaded actual damages for lost time from work, time and expense incurred determining the amounts paid for the account's principal and interest, and time and expense incurred preparing, photocopying, and mailing to defendant correspondence other than the qualified written request, his recovery is limited to damages caused by the fifteen day delay. 12 U.S.C. § 2605(f)(1)(A) (limiting damages to "any actual damages to the borrower as a result of the failure" (emphasis added)). Therefore, plaintiff cannot recover for costs incurred before the defendant's delay in responding to the December 19 Letter, and he must establish a causal link between any other costs and the delay.

Plaintiff fails to meet this burden. Plaintiff does not specifically allege any mailings were sent or other damages incurred during or as a result of the 15 day delay. Thus, the alleged damages may have been incurred before or independent of

Page 6 - OPINION AND ORDER

defendant's delay. Finally, it is unclear what portion of the total alleged $15,000 in damages, if any, resulted from defendant's delay.[2] Defendant's motion to dismiss the first claim for relief is granted.

II. Second RESPA Claim: Inadequate Response to the December 19 Letter

Plaintiff alleges defendant's response to the December 19 Letter contained "inaccurate information" about his account and defendant "failed to make [the requested] corrections" to his loan, thereby violating RESPA. Compl. ¶¶ 16, 25-26.

As noted above, RESPA compels loan servicers to provide a detailed response following receipt of a qualified written request. 12 U.S.C. § 2605(e)(2). Section 2605(e)(2) requires loan servicers either to take necessary corrective action followed by a written notification to the borrower or, alternatively, to conduct an investigation and provide a written explanation to the borrower. Id. If the servicer elects to take no corrective action, it must provide contact information for further assistance and either (1) the reasons the loan servicer believes the account is correct; or (2) the borrower's requested information or an explanation of why

---

[2] Because plaintiff has not adequately alleged defendant's violation of section 2605(e)(2) caused actual damages, he cannot recover for attorney's fees. See Whittier v. Ocwen Loan Servicing, L.L.C., 594 Fed. Appx. 833, 836-37 (5th Cir. 2014) ("RESPA allows for [attorney's] fees and [litigation] expenses in addition to actual damages." (emphasis original)).

Page 7 - OPINION AND ORDER

the requested information is unavailable. Id. at § 2605(e)(2)(B)-(C).

Here, defendant met the substantive response requirements under RESPA by conducting an investigation and responding to the December 19 Letter with both a statement of the reasons it considered the account correct and contact information for further assistance. Compl. Ex. B. Specifically, defendant explained its understanding of the payment timeline and the status of plaintiff's account from April 2014 through February 2015, including information about the next payment due. Id. In addition, defendant provided copies of account activity statements covering the time period in question and a Customer Account Activity Brochure to assist in understanding those statements. Id.

Further, the fact that the February 26, 2015, letter was inaccurate is insufficient as a matter of law to state a RESPA violation. See, e.g., Brunson v. Provident Funding Assocs., 608 Fed. Appx. 602, 612 (10th Cir. 2015) (RESPA only requires a loan servicer to provide a statement of reasons and does not guarantee the statement is correct); Bates v. JPMorgan Chase Bank, NA, 768 F.3d 1126, 1134-35 (11th Cir. 2014) (RESPA does not guarantee a borrower will receive her desired course of action); Galante v. Ocwen Loan Servicing LLC, 2014 WL 3616354, *33 (D. Md. July 18, 2014) (loan servicer complied with RESPA by investigating and responding to borrowers' qualified written request, despite the

Page 8 - OPINION AND ORDER

borrowers' subsequent contention the servicer failed to "make appropriate corrections to [the] account" (quotation marks omitted)). Indeed, plaintiff has not cited, and the Court is not aware of, any authority establishing a plausible RESPA claim where, as here, there is no evidence of bad faith on the defendant's part and the plaintiff ultimately obtained the requested account action after a short delay. Defendant's motion to dismiss the second claim for relief is granted.

III. <u>Third RESPA Claim: Inadequate Response to the March 30 Letter</u>

Plaintiff alleges defendant's response to the March 30 Letter was also inadequate under RESPA because it "did not contain a statement of the reasons for which [d]efendant believed the Loan Account was correct" and did not explain the authority by which [it] used a "suspense account." Compl. ¶¶ 21, 27-28.

In its response to the March 30 Letter, defendant explained it conducted a further investigation of plaintiff's loan account, provided a summary of plaintiff's payments and account history, identified incorrect information in the February 26, 2015, letter, noted corrections made to the account, summarized its efforts to contact related credit reporting agencies to adjust any inaccurate information, and listed contact information for further inquiries. <u>Id.</u> at Ex. D. Plaintiff fails to address his third RESPA claim in his response to the motion to dismiss, and it is not apparent to

this court what additional actions defendant should have taken under RESPA.

Thus, as with the December 19 Letter, defendant adequately responded to the March 30 Letter. Defendant's motion to dismiss the third claim for relief is granted.

IV. Breach of Contract Claim

Plaintiff's remaining claim is a state law breach of contract claim. Dismissal of federal claims does not automatically deprive a district court of subject matter jurisdiction over supplemental state claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Rather, where a district court dismisses "all claims over which it has original jurisdiction," it may, in its discretion, "decline to exercise supplemental jurisdiction" over pendent state law claims. 28 U.S.C. § 1367(c)(3); Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011).

Ordinarily, this Court would decline to exercise supplemental jurisdiction over plaintiff's breach of contract claim. Here, however, because plaintiff's RESPA claims are being dismissed without prejudice, the Court will retain jurisdiction over the breach of contract claim in order to briefly address its merits. See Ovitsky v. Oregon, 2013 WL 4505832, *4 (D. Or. Aug. 20, 2013) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988))(retaining jurisdiction of pendent state law claims where

the complaint was being dismissed without prejudice and it was likely the plaintiff would seek amendment).

To state a claim for breach of contract, the plaintiff must allege facts supporting "the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff." Slover v. Or. State Bd. Of Clinical Soc. Workers, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996) (quotation marks and citations omitted).

It is undisputed a contract exists between plaintiff and defendant, consisting of, at least, the Trust Deed. Compl. ¶¶ 7, 29; Def.'s Mot. Dismiss 2; Chase Decl. Ex. 1. Plaintiff, however, fails to allege facts supporting defendant's breach. Rather, plaintiff broadly asserts defendant breached the contract by "not applying funds paid by [p]laintiff and received by the [l]oan [a]ccount consistent with the [c]ontract." Compl. ¶ 30. Plaintiff appears to argue defendant should have applied plaintiff's payments to the loan, even if it believed those payments were partial payments, but the Trust Deed allows defendant to wait until a payment is made in full before applying the payment to the loan. Chase Decl. Ex. 1, Covenant 1. In his opposition to defendant's motion to dismiss, plaintiff does not address the breach of contract claim, and thus fails to explain how defendant should have applied funds differently or specify which funds were applied

Page 11 - OPINION AND ORDER

incorrectly. Defendant's motion to dismiss the breach of contract claim is granted.

## CONCLUSION

Defendant's Motion to Dismiss (doc. 7) is GRANTED. Defendant's request for oral argument is DENIED as unnecessary. This action is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 30th day of October 2015.

_____
Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER